IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLEN BRUNWASSER,

    Plaintiff,

v.

BARBARA BLACK, ROBERT J.
HANNEN,

    Defendants.

11cv0014
**ELECTRONICALLY
FILED**

**Memorandum Opinion on Motion for Judgment on the Pleadings (doc. no. 8),
Motion to Vacate (for Recusal) (doc. no. 9), Motion to Remand (doc. no. 11) and
Motion for Reconsideration (doc. no. 12)**

I. **Introduction/Factual Background**

The current civil action was filed by *pro se* plaintiff, Allen Brunwasser, a very experienced attorney, seeking to recover alleged damages arising from Citizen's Banks execution of an IRS tax levy. Plaintiff, who has a long and storied history of pursuing legal causes within the Western District of Pennsylvania, was most recently the plaintiff in a prior related civil action before this Court in *Brunwasser v. Lebryk, et al.* 10-cv-307. In the prior action, plaintiff sought *inter alia* to enjoin Citizens Bank from surrendering certain deposited funds in response to a levy that had been served by the IRS on March 15, 2010. This Court originally granted a temporary stay of the IRS levy pending a ruling on a motion to dismiss in 10-cv-307. On June 9, 2010, the Court issued a memorandum opinion and order dismissing plaintiff's complaint for lack of jurisdiction and failure to state a claim. The Court determined that defendants were immune from liability under the Anti-Injunction Act. At that time, the Court also terminated the temporary stay of the levy. Plaintiff did not file any appeal from the district court's final judgment, and he did not file any further motion to enjoin execution of the levy pending appeal.

1

Consistent with the rulings of this Court, on June 11, 2010, Citizens Bank, allegedly through its employees, defendants herein, complied with the IRS tax levy by mailing a check to the IRS in the amount of $19,517.47.

Plaintiff has now filed a new complaint in state court against two individuals who were allegedly involved in the IRS levy on behalf of Citizens Bank: (1) Barbara Black, who is an employee of Citizens Bank; and (2) Robert J. Hannen, an attorney for Citizens Bank, who was counsel of record in 10-cv-307. Plaintiff now alleges that the current defendants,

> Barbara Black and Robert J. Hannen, acting as a cooperating with each other team [sic], abandoned their mere stake-holder impartial status to intentionally and contrary to law damage plaintiff in the CV 10-307 litigation and to illegally and intentionally interfere and deprive him of established legal and contractual protections, rights and remedies and did so in cooperation with the IRS and United States actors who wielded government power.

Doc. No. 1-1 at 10.

Defendants filed a notice of removal on January 1, 2001, after filing answers to the complaint (doc. nos. 5 and 6), now seek judgment on the pleadings under Fed. R. Civ. Pro. 12(c) (doc. no. 8), on the basis that: (1) they are immune from liability for any claim arising from the Bank's compliance with the IRS levy; and, (2) the undisputed facts establish that Citizens Bank (and its agents) had a mandatory obligation to pay the IRS tax levy under 26 U.S.C. § 6332; and therefore, this Court should enter judgment in defendants' favor as a matter of law.

On January 25, 2011, the day the response to the motion for judgment on the pleadings was due, plaintiff now files a motion to remand this case to state court, and a handwritten motion for reconsideration of the January 18, 2011 Order scheduling the response for this date (doc. nos. 11 and 12). Although the handwritten motion is hardly legible, it appears that pro se plaintiff asks this Court to first rule on his motion for remand and "abstain" from ruling on defendants'

motion for judgment on the pleadings. The Court will deny defendant's motion for remand for the reasons set forth hereinbelow, and his motion for reconsideration will also be denied.

## II. Standard of Review

A motion for judgment on the pleadings under Rule 12(c) is considered using the same standards as when considering a motion to dismiss under Rule 12(b)(6). *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n. 4 (3d Cir.1986). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed.R.Civ.P. 12(b)(6); see *In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir.2000). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted). Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Id*. at 1965 (internal citations omitted).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. *Chester County Intermediate Unit v. Pa. Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). A district court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. See *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir.1994). Moreover, these allegations and inferences must be viewed in the light most favorable to the plaintiff. *Id.* However, a court need not accept " 'unsupported conclusions and unwarranted inferences,' " *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d

Cir.2007) (citation omitted), and "[l]egal conclusions made in the guise of factual allegations ... are given no presumption of truthfulness," *Wyeth v. Ranbaxy Labs., Ltd.*, 448 F.Supp.2d 607, 609 (D.N.J.2006) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)); see also *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir.2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir.2005)) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss .")

It is not necessary for the plaintiff to plead evidence. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir.1977). The question before the court is not whether the plaintiff will ultimately prevail. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir.2007). Instead, the court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. Discussion

Plaintiff's current claims arise from the fact that Citizens Bank paid $19,517.47 to the IRS on June 11, 2010, in compliance with the IRS tax levy that was previously litigated and was served on March 15, 2010, pursuant to 26 U.S.C. § 6332.

According to 26 U.S.C. § 6332(c), when a bank is in possession of the taxpayer's funds and they are not already subject to a prior judicial attachment or execution, then the bank "shall surrender any deposits to the IRS."

Section 6332(d)(1) further mandates that "any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate of the United States in a sum equal to the value of the property or rights not so surrendered, . . . together with costs and interest on such sum." *Id*.

Therefore, under the plain language of 26 U.S.C. § 6332, Citizens Bank had a legal obligation to comply with the IRS tax levy or face liability, including monetary penalties. Furthermore, section 6332(e) discharges any "person" from any obligation or liability to the delinquent taxpayer. *Schulze v. Legg Mason Wood Walker, Inc.* 865 F.Supp. 277 (W.D. Pa. 1994) (compliance with section 6332(e) immunizes a party from liability to any person with respect to such property).

Specifically, Section 6332(e) states:

> Effect of honoring levy. Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand of the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pay a liability under subsection (d)(1) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights arising from such surrender or payment.

Simply stated, the current defendants, whom plaintiff plainly alleges are agents of Citizens Bank,[1] are immune from liability under Section 6332(e). Other United States District Courts and Courts of Appeals, albeit not within this Circuit, have held exactly that - - bank employees (and bank attorneys) are immune from suit by taxpayers for honoring valid IRS levies against taxpayers bank accounts. *U.S. v. Triangle Oil*, 277 F.3d 1251, 1259 (10th Cir. 2002); *Moore v. General Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996); *Eckwortzel v. Crossman*, 561 F.Supp.2d 1144 (D. Idaho 2008); *Jones v. Bass*, 343 F.Supp.2d 1066 (D. Wyo. 2004). This broad grant of immunity applies not only to federal law claims, but also preempts any state law claims, including plaintiff's claim for conversion. See *Schulze*, 865 F.Supp. at 865 (dismissing plaintiff's conversion claim because it arose from compliance with IRS tax levy).

Although defendants raise numerous alternative arguments that plaintiff's complaint fails

---

[1] "After claiming an absolute authority to participate in that litigation and an absolute authority to execute what they could do discretion there [sic], defendants Barbara Black and Robert J. Hannen did participate in that litigation as a joint each aiding the other team." Doc. No. 1-1 at 3.

to state a claim upon which relief may be granted, the Court will not address these arguments, having already found that defendants are unmistakeably immune from liability under Section 6332(e) hereinabove.

In conclusion, the Court notes that plaintiff did not appeal the rulings of this Court in the litigation at 10-cv-307 to the United States Court of Appeals for the Third Circuit; he simply brought another lawsuit in state court with updated allegations flowing from the prior litigation and has now substituted bank agents, and claims which are very similar to those raised against the IRS in the prior litigation.[2] As rehearsed, plaintiff now alleges that the current defendants (and perhaps even this Court - - see doc. no. 9) have joined the conspiracy with the IRS. ("Barbara Black and Robert J. Hannen, acting as a cooperating with each other team [sic], abandoned their mere stake-holder impartial status to intentionally and contrary to law damage plaintiff in the CV 10-307 litigation and to illegally and intentionally interfere and deprive him of established legal and contractual protections, rights and remedies and did so in cooperation with the IRS and United States actors who wielded government power." Doc. No. 1-1 at 10.)

---

[2] Plaintiff also moves this Court to vacate the automatic assignment of this case as a related case and seeks recusal of this Court (doc. no. 9). Contrary to plaintiff's latest arguments in this regard, the Court finds that the instant matter is certainly "related" to 10-cv-307 (see Local Rule of Civil Procedure 40(D)). Further, the Court finds that it presents a federal question, and the motion to remand (doc. no. 11) will be denied as without merit. Accordingly, plaintiff's motion for reconsideration, to the extent it seeks that the Court "abstain" from ruling on the pending motion for judgment on the pleadings (doc. no. 12), will also be denied. Although plaintiff appears to argue that he did not have adequate time to respond to the motion for judgment on the pleadings, the Court notes that he appeared to have sufficient time to file two rather lengthy motions, including exhibits, by January 25, 2011. Therefore, plaintiff's motion for reconsideration will be denied.

For all of the reasons set forth hereinabove, the Court will GRANT defendants' motion for judgment on the pleadings (doc. no. 8). Plaintiff's motion to vacate the automatic assignment (for recusal) (doc. no. 9) will be DENIED AS MOOT. Plaintiff's motion to remand (doc. no. 11) will be DENIED, and plaintiff's motion for reconsideration (doc. no. 12) will be DENIED. An appropriate order follows.

s/Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:   All Registered ECF Counsel and Parties

Allen Brunwasser
P.O. Box 22212
Pittsburgh, Pa 15222